THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT PACKLAIAN, | : | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | : | Civil No. 05-116 (JBS) |
| v. | : | |
| C.F.G. HEALTH SYSTEM, et al., | : | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | : | |

THIS MATTER having come before the Court upon a motion by defendants, C.F.G. Health System, Gary Merline, Nurse Ann Marie, and Nurse Lu Ann, to dismiss Plaintiff, Robert Packlaian's complaint for failure to comply with the Court's order of October 20, 2005 [Docket Item No. 16] and for failure comply with a discovery request (namely, failure to answer interrogatories); and the Court having reviewed Defendants' submissions and the Plaintiff failing to respond to Defendants' submissions; and for good cause shown; the Court finds as follows:

1.    In December of 2004 and in January of 2005, Plaintiff Robert Packlaian was an inmate at Atlantic County Justice Facility located in Mays Landing, New Jersey.

2.    On January 10, 2005, Plaintiff, acting <u>pro se</u>, filed a complaint in this Court, alleging that Defendants violated 42

U.S.C. § 1983 by failing to provide him with adequate medical attention after he injured his right hand when he slipped on a wet floor while exiting a shower in his cell. (Complaint at 4.) Plaintiff claims that, because he was not seen and treated by an orthopedic physician until more than two weeks after he suffered his injury, his hand is permanently damaged. (Complaint at 6.)

3.   On July 19, 2005, counsel for Defendants served Plaintiff with an answer to his complaint as well as interrogatories. (Certification of Erin McLaughlin, Esq. ¶ 7; <u>see also</u> Letter from Thomas J. Decker, Esq. to Robert Packlaian, dated 7/14/2004, McLaughlin Certification, Ex. A.)  Defendants again requested answers to interrogatories on September 23, 2005 and on October 25, 2005, but did not receive them. (<u>Id</u>. ¶¶ 10, 13; <u>see</u> <u>also</u> Letters to Robert Packlaian dated 9/23/2005 and 10/25/2005, McLaughlin Certification, Ex. B and C).[1]

4.   On July 20, 2005, William T. Walsh, Clerk of the Court, sent a letter to all parties to the litigation indicating that

---

[1]  Defendants sent the October 25, 2005 letter because Defendants received information that Plaintiff was moved from Southwoods State Prison to Mid-State Correctional Facility but had failed to alert either counsel or the Court of his change in address and Defendants September 23, 2005 letter had been returned as undeliverable. (McLaughlin Certification ¶ 13.) In its October 25, 2005 letter, counsel for Defendants also furnished a copy of Judge Ann Marie Donio's October 20, 2005 letter to Plaintiff. (<u>Id</u>.)

pre-trial memoranda must be filed within ninety (90) days.  Thus, pre-trial memoranda were due on October 18, 2005.

5.   After being informed by Defendants' counsel that Plaintiff had failed to comply with discovery requests, on October 20, 2005, U.S. Magistrate Judge Ann Marie Donio sent Plaintiff a letter ordering Plaintiff to "furnish answers to interrogatories to counsel for [D]efendant[s], and also file a Pretrial Memorandum with the Court." [Docket Item No. 16.] Judge Donio's October 20, 2005 letter also warned Plaintiff that if he "fail[ed] to provide discovery, defense counsel is hereby granted leave to file an appropriate motion with the Court."

6.   Plaintiff never responded to Defendants' letters nor provided answers or objections to Defendants' interrogatories. (McLaughlin Certification ¶ 14.)  Plaintiff also failed to keep the Court, as well as his adversary, informed of his change of address. (Id.)

7.   On December 8, 2005, Defendants filed a motion to dismiss Plaintiff's complaint for failure to comply with the Court's order of October 20, 2005 and for failure to comply with discovery requests (namely, failure to answer interrogatories)

pursuant to Fed. R. Civ. P. 41(b). (McLaughlin Certification ¶ 4.)[2]

8.   Fed. R. Civ. P. 41(b) provides for dismissal if the plaintiff fails to prosecute his case, stating, in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

9.   To dismiss the Plaintiff's claim pursuant to Fed. R. Civ. P. 41(b), the Court must consider six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984): (1) the extent of the party's personal responsibility for the actions at issue; (2) the prejudice to the adversary caused by the party's actions of failing to comply with orders and respond to discovery requests; (3) whether there is a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the availability and effectiveness of alternative sanctions; (6) the meritoriousness of the underlying claim.  Poulis, 747 F.2d at 867-68; see also U.S. v. USX Corp.,

---

[2]   From Defendants' motion to dismiss, the Court notes that Defendants' motion was based only on Fed. R. Civ. P. 41(b) and not either Fed. R. Civ. P. 37(b)(2) (failure to comply with discovery orders) or Fed. R. Civ. P. 37(d)(2) (failure to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories).

68 F.3d 811, 818-19 (3d Cir. 1995); <u>Adams v. Trustees, New Jersey Brewery Trust Fund</u>, 29 F.3d 863, 873 (3d Cir. 1994).  All six factors do not need to be present for a dismissal to be appropriate.  <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912, 919 (3d Cir. 1992).

    10.  The <u>Poulis</u> factors favor a dismissal of Plaintiff's complaint for failure to comply with discovery orders and requests.  First, Plaintiff, acting <u>pro</u> <u>se</u>, has personally failed to comply with discovery requests and the Court's Order of October 20, 2005.  Plaintiff cannot blame his failure to comply on dilatory counsel whom he hired to represent him.  <u>See</u> <u>Adams</u>, 29 F.3d at 873 (<u>citing</u> <u>Michota v. Anheuser-Busch, Inc.</u>, C.A. No. 77-2543, slip op. at 7 (D.N.J. May 25, 1993)). Thus, he is personally responsible for the delays and non-compliance. Second, Defendants have been prejudiced as they cannot competently defend their case until Plaintiff produces the relevant discovery Defendants requested.  <u>See</u> <u>Adams</u>, 29 F.3d at 874 (prejudice also includes the deprivation of information through non-cooperation with discovery and need not cause irremediable harm)(internal quotations omitted). Third, Plaintiff's dilatoriness is apparent in that he has failed to respond, in even a cursory way, to Defendants.  <u>See</u> <u>Poulis</u>, 747 F.2d at 868 (extensive or repeated delay or delinquency constitutes a history of dilatoriness, such

as consistent non-response to interrogatories).  Plaintiff was served with Defendants interrogatories more than five months ago and pre-trial motions are overdue by almost three months. Moreover, Plaintiff has also failed to acknowledge or file opposition to Defendants' motion to dismiss. Fourth, it is unclear whether Plaintiff's conduct has been willful or in bad faith, but it is clear that he has consistently failed to (i) respond to either the Court or counsel for Defendants or (ii) offer anything that will substantiate his allegations.  In so doing, Plaintiff has prevented Defendants and this Court from evaluating whether his claim is meritorious. Finally, this Court has considered, but ultimately rejected, alternative sanctions (such as ordering Plaintiff to pay the costs and fees Defendants incurred by the delay or giving favorable treatment to Defendants on evidentiary issues affected by the delay).  See Adams, 29 F.3d at 876. Given Plaintiff's current status as a prison inmate who, in his application to proceed in forma pauperis, [Docket Item 1-2], stated that he essentially no income or assets, the Court is skeptical that Plaintiff has the ability to pay monetary sanctions or that the imposition of such sanctions would motivate Plaintiff to comply with the Court's order and to respond to Defendants' discovery requests. Therefore, this Court finds that the appropriate sanction in this case is a dismissal of Plaintiff claim as against the Defendants.

IT IS this _____**6th**_____ day of **January, 2006** hereby

   **ORDERED** that the motion to dismiss Plaintiff's Complaint by

Defendants, [Docket Item 20] be, and hereby is, **GRANTED**; and


      **IT IS FURTHER ORDERED** that the complaint of Plaintiff,

Robert Packlaian be, and hereby is, **DISMISSED WITHOUT PREJUDICE**.




                        **s/Jerome B. Simandle**
                        JEROME B. SIMANDLE
                        UNITED STATES DISTRICT JUDGE